# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **RULTZ E. RAYMOND,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, INC., EXPERIAN INFORMATION SOLUTIONS, INC.**<br><br>    **Defendants.** | CIVIL ACTION NO. |

## COMPLAINT FOR DAMAGES

## INTRODUCTION

1. This is an action for damages brought by Plaintiff RULTZ RAYMOND ("Plaintiff" or "RAYMOND"), an individual consumer, against TRANS UNION LLC ("TRANS UNION"), EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX"), and EXPERIAN INFORMATION SOLUTIONS, INC "EXPERIAN" pursuant to the Federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq., as amended.* (hereinafter

19

"FCRA") and Georgia Fair Business Practices Act ("GFBPA"), O.C.G.A. § 10-1-390, *et seq*.

## SUBJECT MATTER JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1681p.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

## PARTIES AND PERSONAL JURISDICTION

4. Plaintiff is a resident of Georgia and is a consumer as defined by the FCRA, 15 U.S.C. § 1681a(c).

5. Defendant TRANS UNION LLC (hereafter "TRANS UNION") is a foreign Limited Liability Company that regularly conducts substantial business in the State of Georgia, and which has principal places of business in Chicago, Illinois and Crum Lynne, Pennsylvania.

6. TRANS UNION may be served by personal service upon its registered agent in the State of Georgia: The Prentice-Hall Corporation System, Inc., 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

7. TRANS UNION is a consumer reporting agency as defined by the FCRA,

15 U.S.C. § 1681a(f).

8. Defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") is a Georgia limited liability company authorized to do business throughout the country and in the State of Georgia. EQUIFAX is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

9. EQUIFAX may be served with process via its registered agent, Shawn Baldwin, at 1550 Peachtree Street NE, Suite H46, Atlanta, Georgia 30309-2402.

10. Alternatively, EQUIFAX may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia as applicable.

11. EQUIFAX regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

12. EQUIFAX disburses such consumer reports to third parties of contract for monetary compensation.

13. Defendant EXPERIAN ("EXPERIAN") is a Californian corporation authorized to do business throughout the country and in the State of Georgia. Experian is a "consumer reporting agency" as defined in 15

19

U.S.C. § 1681a(f).

14. EXPERIAN may be served with process via its registered agent C T Corporation System, at 289 S Culver St, Lawrenceville, GA, 30046-4805.

15. Alternatively, EXPERIAN may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and the laws of Georgia as applicable.

16. EXPERIAN regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties and uses interstate commerce to prepare and/or furnish the reports.

17. EXPERIAN disburses such consumer reports to third parties of contract for monetary compensation.

## FACTUAL ALLEGATIONS

18. The FCRA requires that credit reporting agencies such as TRANS UNION, EQUIFAX, and EXPERIAN, in preparing a credit report, must "follow reasonable procedures to assure maximum possible accuracy of the information" in the report. 15 U.S.C. § 1681e(b).

19. The FCRA requires that credit reporting agencies ("CRAs") conduct a

19

reasonable reinvestigation of any information that is disputed by a consumer to determine if the information is accurate. CRAs must notify the source of the information of the dispute within five days. CRAs must provide the source with all relevant information received from the consumer. CRAs must review and consider all relevant information provided by the consumer in conducting the reinvestigation. CRAs must delete or modify information that is found to be inaccurate or incomplete, or that cannot be verified. CRAs must complete the reinvestigation within 30 days, or within 45 days if the dispute is based on a free annual credit report. CRAs must send a consumer written results of the reinvestigation and a credit report that is based on the consumer's file as that file is revised because of the reinvestigation. 15 U.S.C. § 1681i(a).

20. The policies and procedures of TRANS UNION do not ensure compliance with 15 U.S.C. § 1681i(a) of the FCRA.

21. The policies and procedures of EQUIFAX do not ensure compliance with 15 U.S.C. § 1681i(a) of the FCRA.

22. The policies and procedures of EXPERIAN do not ensure compliance with 15 U.S.C. § 1681i(a) of the FCRA.

23. A problem in the credit reporting industry is the mixed file.

24. A mixed file occurs when one consumer's information is placed on the consumer report of another consumer.

25. The CRAs' procedures for matching consumer information to a consumer report often causes the mixing of one consumer with another.

26. Mixed files can create a false description of a consumer's credit history.

27. Further, mixed files can result in the disclosure of a consumer's confidential financial and personal information to persons who should not receive it.

28. Mixed File victims may have their confidential personal and financial information wrongly inserted into the credit file of one or more other persons and/or have the personal and financial information of another wrongfully inserted into their credit file without their knowledge.

29. As a result, the mixed file victims may end up being plagued with adverse collection activity and lower credit scores that limit their access to credit.

30. Mixed files are not new.

31. The CRAs have known about mixed files for almost (40) years. *See Thompson v. San Antonio Retail Merchants Ass'n,* 682 F.2d 509 (5th Cir. 1982).

32. Mixed files occur despite consumers' having unique personal identifying

information, such as Social Security numbers.

33. The CRAs' matching logic allows information to be included in a consumer's file even when the Social Security number reported with the information is different than the Social Security number on the consumer's file.

34. TRANS UNION knows its matching procedures can cause inaccurate credit reports and mixed files.

35. EQUIFAX knows its matching procedures can cause inaccurate credit reports and mixed files.

36. EXPERIAN knows its matching procedures can cause inaccurate credit reports and mixed files.

37. In the 1990's, the Federal Trade Commission ("FTC") filed a lawsuit against EQUIFAX, TRANS UNION AND EXPERIAN's predecessor TRW because of their failure to comply with the FCRA, including the mixing of consumers' files.

38. In the 1990's, the Attorneys General of a number of states filed a lawsuit against EQUIFAX, TRANS UNION and Experian's predecessor TRW because of their failure to comply with the FCRA including the mixing of consumers' files.

39. In 2015, the defendants signed a Consent Order with the New York AG regarding mixed files.

40. The CRAs continue to mix consumers' files despite their agreements with the FTC and State Attorneys General, and hundreds of lawsuits filed against the CRAs by consumers whose files have been mixed.

41. Over the last twenty-five years, the defendants have been sued many hundreds of times by consumers whose files were mixed with a different consumer by the credit reporting agencies.

42. Despite federal law, Congressional mandates, federal and state government enforcement actions, and thousands of consumer complaints and many hundreds of consumer lawsuits, on occasion, TRANS UNION still mixes files.

43. Despite federal law, Congressional mandates, federal and state government enforcement actions, and thousands of consumer complaints and many hundreds of consumer lawsuits, on occasion, EXPERIAN still mixes files.

44. Despite federal law, Congressional mandates, federal and state government enforcement actions, and thousands of consumer complaints and many hundreds of consumer lawsuits, on occasion, EQUIFAX still mixes files.

45. One of those consumers' who has a mixed file is the Plaintiff.

19

46. The sale of consumers' most private and sensitive personal and financial information is a multi-billion-dollar industry for the CRAs.

## FACTS OF PLAINTIFF'S MIXED CREDIT FILE

47. As specified below, since at least January of 2016, the defendants have repeatedly prepared and issued credit reports on Plaintiff that include inaccurate information.

48. About this time, plaintiff became aware that defendants placed several accounts included but not limited to a car loan with Ally Financial and credit card loans belonged to someone else on his credit files.

49. Plaintiff had no loan with these companies.

50. The loans were reported by Trans Union, Equifax, and Experian.

51. Plaintiff contacted defendants and spoke to an individual who opened a case and provided Plaintiff with a case file number to follow the investigation of the problem with Plaintiff having mixed information in his file.

52. Following Plaintiff's dispute, the defendants failed to remove the inaccurate accounts.

53. Plaintiff disputed this information in writing with the credit reporting

19

agencies.

54. Following Plaintiff's dispute, the defendants again failed to remove the inaccurate accounts.

55. Plaintiff included numerous 'hard' inquiries from companies that he had never given permission to check his credit file even after disputing.

56. After advising defendants that his information was mixed, rather than fixing it, defendants continued selling inaccurate negative information about Plaintiff to various creditors. This information defendants sold to creditors, placed Plaintiff in a negative light and falsely portrayed him as being less credit worthy than he actually was.

57. In 2019, Plaintiff tried to obtain a mortgage for a house with his wife.

58. The mortgage company denied the mortgage them the loan because of the credit errors.

59. Plaintiff is delayed and chilled in his ability to obtain credit to obtain a home mortgage, obtain credit cards, and otherwise consider opportunities that he would have otherwise qualified for.

60. Defendants furnished Plaintiff's credit reports for use in transactions that did not involve Plaintiff, in violation of 15 U.S.C. §1681b.

61. Upon information and belief, defendants furnished Plaintiff's information

in the credit reports for use in transactions that did not involve Plaintiff, in violation of 15 U.S.C. §1681b.

62. Plaintiff suffers from stress and anxiety from dealing with the consequences of the credit reporting.

63. The defendants compromised Plaintiff's privacy and continue to compromise his privacy by having his account information on another person's report.

64. Plaintiff's applications for credit both included and currently includes another person's account information.

65. Defendants forced and forcing the Plaintiff to spend significant amounts of personal time trying to correct the inaccurate information reported by defendants and deal with the consequences of defendants' inaccurate reporting.

## FIRST CLAIM FOR RELIEF

(against defendants)

(Negligent Noncompliance with FCRA)

66. Plaintiff realleges and incorporates paragraphs 1 through 65.

19

67. TRANS UNION negligently failed to comply with the requirements of the FCRA, including but not limited to, 15 U.S.C. §1681b, e and i.

68. Because of defendants' failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

69. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

## SECOND CLAIM FOR RELIEF

(against defendants)

(Willful Noncompliance with FCRA)

70. Plaintiff realleges and incorporates paragraphs 1 through 65.

71. Defendants willfully failed to comply with the requirements of the FCRA, including but not limited to, 15 U.S.C. §1681b, e and i.

72. Because of defendant's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer, actual damages, including

19

economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

73. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

74. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

### THIRD COUNT FOR RELEIF

### VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT ("GFBPA"), O.C.G.A. § 10-1-390, *et seq*.

(against defendants)

75. Plaintiff realleges and incorporates paragraphs 1 through 65.

76. The Defendant's actions have taken place in the conduct of consumer acts or practices.

77. Defendant violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-390 *et seq*.

...

78. Defendants' actions caused damages to Plaintiff's emotional wellbeing.

79. Defendants' actions caused actual damages to Plaintiff.

80. Defendants acted intentionally in violating the GFBPA.

81. Plaintiff suffered damages because of Defendants' violations of the GFBPA as described above and to be further established at trial.

82. Defendants do not have any assets or property within the state of Georgia with the exception of EQUIFAX.

83. Plaintiff is entitled to the recovery of damages and reasonable attorney's fees pursuant to O.C.G.A. § 10-1-390 *et seq*.

84. Plaintiff is entitled to treble damages.

## JURY TRIAL DEMAND

85. Plaintiff demands a jury trial on all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

**On the First Claim for Relief:**

1. Actual damages to be determined by the jury; and
2. Attorney fees.

**On the Second Claim for Relief:**

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

### On the Third Claim for Relief:

1. Actual damages to be determined by the jury;

2. Treble damages, and

3. Attorney fees.

On All Claims for Relief:

1. Costs and expenses incurred in the action.

DATED this 19th day of February 2020.

        Respectfully submitted,

        **JOSEPH P. MCCLELLAND, LLC**

        By: s/*Joseph P. McClelland*
        Joseph P. McClelland, Esq.
        Georgia Bar No.: 483407
        545 N. McDonough Street, Suite 210
        Decatur, Georgia 30030
        Telephone: (770) 775-0938
        joseph@jacksonlaws.com
        **Attorney for Plaintiff**