**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

RULTZ E. RAYMOND and RUTH
RAYMOND,

Plaintiffs,

v.

TRANS UNION LLC, EQUIFAX
INFORMATION SERVICES, INC., and
EXPERIAN INFORMATION
SOLUTIONS, INC.,

Defendants.

Civil No. 1:20-cv-00757-ELR-RDC
(Lead Case)
Civil No. 1:20-cv-00758-MLB-LTW
(Consolidated Case)

**DEFENDANT TRANS UNION LLC'S
OBJECTIONS AND RESPONSES TO PLAINTIFF
RULTZ RAYMOND'S FIRST REQUESTS FOR PRODUCTION**

TO: Rultz Raymond, through Plaintiff's counsel of record, Joseph P. McClelland, III, Law Office of Joseph P. McClelland, LLC, 545 N. McDonough Street, Suite 210, Decatur, GA 30030, Ian B. Lyngklip, Lyngklip & Associates, Consumer Law Center, PLC, 24500 Northwestern Highway, Southfield, MI 48075, and Sylvia Bolos, Lyngklip & Associates, 418 N. Main Street, Suite 200, Royal Oak, MI 48067.

In accordance with Rules 6(d) and 34(b) of the Federal Rules of Civil Procedure, Defendant Trans Union LLC (hereinafter referred to as "Trans Union"), hereby submits its Objections and Responses to Plaintiff's Requests for Production of Documents to Defendant Trans Union LLC as follows:

1

## I.    OBJECTIONS TO FORMAT INSTRUCTIONS

A. Trans Union objects to Plaintiff's instructions regarding the production of documents or information in their native format and/or with "all metadata and electronic formatting intact." Such instruction imposes undue burden and expense on Trans Union and is contrary to the parties Joint Preliminary Report and Discovery Plan. The parties agreed to produce documents and information in .pdf form.

## II.    OBJECTIONS TO DEFINITIONS

A.    Trans Union objects to Plaintiff's definition of "Audit Trail" on the grounds that such instruction exceeds the scope of Rule 33 and imposes burdens on Trans Union that are not required by Rule 33. Fed. R. Civ. P. 33.  Furthermore, such instruction is unduly burdensome and imposes an unreasonable burden and expense on Trans Union. Fed. R. Civ. P. 26(c)(1).

B.    Trans Union objects to Plaintiff's Definition of "Computer" on the grounds that it is overly broad, unduly burdensome and, as worded, would encompass many types of devices that would fit the given definition but not be able to perform the function of "computing." Trans Union will respond using the primary definition of "Computer" published online in The American Heritage®

Dictionary of the English Language, Fifth Edition copyright ©2020 by Houghton Mifflin Harcourt Publishing Company.

C.     Trans Union objects to Plaintiff's Definition of "Consumer Report" on the grounds that such definition is inconsistent with the definition found in the FCRA and case law interpreting it. Plaintiff's definition is overly broad and encompasses products sold by Trans Union that are not covered by the FCRA. This definition encompasses information that is not relevant to the issues in this case and is not proportional to the needs of this case. FED. R. CIV. P. 26(b)(1).

D.     Trans Union objects to Plaintiff's Definitions of "Data," "Database," and "data bank" on the grounds that such definitions are vague, overbroad, and fail to sufficiently identify the information sought.

E.     Trans Union objects to Plaintiff's Definition of "Disputed Account" on the grounds that it is overly broad, it encompasses information that is not relevant to the issues in this case, and is not proportional to the needs of this case.

F.     Trans Union objects to Plaintiff's definition of "Identify" on the grounds that it purports to impose obligations beyond those provided for in the Federal Rules of Civil Procedure. FED. R. CIV. P. 26(a)(1)(A)(i-ii). Furthermore, such a definition imposes an unreasonable burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Further, this definition encompasses information that is

confidential, proprietary, and trade secret information of Trans Union and its employees. Fed. R. Civ. P. 26(c).

G.     Trans Union objects to Plaintiff's Definition of "You," or "Your" on the grounds that it includes "the company, entity, institution agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. The term also includes any of you sister companies or related entities and their connected companies, whether or not separately incorporated." Such definition is overly broad, unduly burdensome, and beyond the scope of the Federal Rules of Civil Procedure. Furthermore, following such an instruction would require Trans Union to respond for persons or entities over whom it has no control, and on whose behalf, it has no obligation to respond. Trans Union will respond on behalf of Trans Union LLC.

H.     Trans Union objects to preparing a detailed privilege log until the parties have conferred and the court has ruled on any remaining objections to Plaintiff's Requests. 1993 Advisory Committee's Notes on Fed. R. Civ. P. 26(b), ¶36. Once the Court has ruled on Trans Union's objections, Trans Union will prepare a detailed privilege log in accordance with Fed. R. Civ. P. 26, if necessary.

I.     Trans Union has excluded from the scope of its search for information and responses any documents and information exempt from discovery as CFPB supervisory and examination material. Pursuant to 12 C.F.R. § 1070.47(a)(3)(ii) such information is confidential and the property of the CFPB and may not be disclosed by Trans Union. Any request for disclosure of such information should be directed to the CFPB pursuant to the regulations in Subpart D of 12 C.F.R. § 1070.

J.     The foregoing objections are incorporated fully into each of the responses to Requests set forth below. Trans Union makes these responses based on the information reasonably available at this time.  Trans Union reserves the right to amend or supplement its responses to these Requests as additional information is discovered or becomes available.

### III.   OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any copies of consumer reports that contained data concerning Plaintiff which were published by you within the preceding 10 years.

**RESPONSE:**  Trans Union does not maintain copies of consumer reports furnished to subscribers. The dates of all consumer reports furnished regarding Plaintiff and the identities of the recipients of such reports are reflected on the documents

produced to Plaintiff. See Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to this Request on the grounds that it is not reasonably limited in time or scope. As worded, including anything that might satisfy Plaintiff's definition of consumer report, seeks documents that are not relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Requiring Trans Union to retrieve, assemble and produce all responsive information imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Further, this Request encompasses documents and information that are confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 2:** Any consumer disclosures provided by you to Plaintiff or which contained information concerning Plaintiff within the preceding 10 years. This request includes disclosures provided to third parties which contained information about Plaintiff.

**RESPONSE:** Trans Union refers Plaintiff to Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

4519317.3

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to this Request on the grounds that it is not reasonably limited in time and seeks documents that are not relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Requiring Trans Union to retrieve, assemble and produce all responsive information imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).

**REQUEST FOR PRODUCTION NO. 3:** A complete copy of all information in Plaintiff's file as of the date of this request, as well as any copies of documents or data created within the preceding 10 years showing the content of that file.

**RESPONSE:** Trans Union refers Plaintiff to Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define "file" or

identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union objects to this Request on the grounds that "any copies of documents or data created" encompasses information protected by the attorney-client, work product, common interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 4:** A complete copy of all information in the file of any person whose account or identification information appears in the file of Plaintiff as of the date of this request, as well as any copies of documents or data created within the preceding 10 years showing the content of that file.

**RESPONSE:** Trans Union refers Plaintiff to Trans Union's documents  produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define "file of any person" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union and other consumers. FED. R. CIV. P. 26(c). No permissible purpose exists for the disclosure of such information. 15 U.S.C. §1681b. Trans Union objects to this Request on the grounds that "any copies of documents or data created" encompasses information protected by the attorney-client, work product, common interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

9

**REQUEST FOR PRODUCTION NO. 5:** A complete copy of any documents received, sent, created or reviewed by you relating to any disputed account information in this lawsuit. By way of example this includes but is not limited to,

☐ any CDV's, ACDV's AUD's
☐ universal data forms,
☐ notes,
☐ computer data,
☐ work notes,
☐ screens, logs,
☐ E-Oscar documents,
☐ internal memoranda, and
☐ correspondence or supporting documentation.

**RESPONSE:** Trans Union refers Plaintiff to Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define "disputed account information in this lawsuit" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Plaintiff has not clearly defined "disputed account information in this lawsuit" and has not adequately answered discovery in this case. Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope.

Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union objects to this request on the grounds that "any documents" encompasses information protected by the attorney-client, work product, common interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 6:** Any historical, archived or electronic record of any Metro 2 data used by you to prepare consumer reports concerning Plaintiff, received by you since the date on which any data attributable to Rultz Raymond began appearing in Plaintiff's file. These records are commonly referred to as "source data" or "T2" reports.

**RESPONSE:**  Trans Union objects to this Request on the grounds that it is not limited to information at issue in this case or information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).  Trans Union objects to this Request on the grounds that it seeks

4519317.3

confidential, proprietary, and/or trade secret information of Trans Union. FED. R.

CIV. P. 26(c).


**REQUEST FOR PRODUCTION NO. 7:** Any subscriber agreement under which disputed information was provided to you by a furnisher of credit data concerning Plaintiff. This request is limited to agreements and any modifications that were operative at the time the information was provided.

**RESPONSE:** Trans Union objects to this Request ("subscriber agreement") on the

grounds that it is not limited to information relevant to this case and is not

proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Subscriber

agreements have no bearing on the claims and defenses in this case. Trans Union

objects to this Request on the grounds that it seeks confidential, proprietary, and/or

trade secret information of Trans Union and/or third parties. FED. R. CIV. P. 26(c).

Further, this request is not reasonably limited in time and scope. Requiring Trans

Union to retrieve, assemble, and produce "any subscriber agreements" imposes

undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).

12

**REQUEST FOR PRODUCTION NO. 8:** Any subscriber agreement under which any user received disputed information in a consumer report from you concerning Plaintiff. This request is limited to agreements and any modifications that were operative at the time the information was provided.

**RESPONSE:** Trans Union objects to this Request ("subscriber agreement") on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union and/or third parties. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 9:** If any of Plaintiff's disputes in this case were forwarded by you to any individual or entity outside the jurisdiction of the United States, provide a copy of any information forwarded by you concerning the dispute, any contract under which work relating to the dispute was to be performed, and any instructions given (whether in the form of manuals, presentations, videos, or any other document) concerning the handling of the dispute, any compensation schedule relating to the handling of the dispute, and any payment made for the handling of the dispute.

**RESPONSE:** Trans Union refers Plaintiff to Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further

response to this Request on the grounds that it is vague and fails to define "disputes

in this case" or identify the documents sought with sufficient particularity. FED. R.

CIV. P. 34(b)(1)(A).  Plaintiff has not clearly defined "disputes in this case" and has

not adequately answered discovery in this case.  Trans Union objects to this Request

on the grounds that it is not limited to information relevant to this case and is not

proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably

limited in time or scope. Trans Union objects to this Request on the grounds that

requiring Trans Union to retrieve, assemble, and produce all responsive documents

imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).  Trans

Union objects to this Request on the grounds that it seeks confidential, proprietary,

and/or trade secret information of Trans Union and third parties. FED. R. CIV. P.

26(c).

**REQUEST FOR PRODUCTION NO. 10:** Any written testimony or a written
statement to any Congressional committee or subcommittee, any administrative
body, or any regulatory body, given within that preceding 10 years concerning or
mentioning the issue of mixed credit files or misattribution of credit data.

**RESPONSE:**  Trans Union objects to this Request on the grounds that it  is vague

and fails to identify the documents sought with sufficient particularity. FED. R. CIV.

P. 34(b)(1)(A). Plaintiff has not clearly defined what testimony and by whom this

Request is referring to. Trans Union objects to this Request on the grounds that it is

4519317.3

not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). The requested documents can be obtained from some other source that is more convenient, less burdensome, or less expensive. FED. R. CIV. P. 26(b)(2)(C), (c)(1).

**REQUEST FOR PRODUCTION NO. 11:** Any copy of any manual provided to any Trans Union subscriber who received a consumer report concerning Plaintiff during the preceding ten years, which is used to explain the layout and interpretation of data transmission directly from your computer system to the computer of any users. This request is limited to manuals concerning consumer reporting products delivered by you to user who received the disputed information. These manuals are commonly known as "Technical" manuals, "CPU to CPU" manuals or "System to System' manuals.

**RESPONSE:** Trans Union objects to this Request on the grounds that it  is vague and fails to define "any manual provided to any Trans Union subscriber" or who might have provided the manual, and fails to identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the

grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 12:** Any contract or agreement with any contractor under which that contractor handled any portion of Plaintiff's dispute.

**RESPONSE:** Trans Union objects to this Request on the grounds that it is vague and fails to define "Plaintiff's dispute" or identify the documents sought with sufficient particularity.  FED. R. CIV. P. 34(b)(1)(A).  Plaintiff has not clearly defined "Plaintiff's dispute" and has not adequately answered discovery in this case. Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union and third parties. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 13:** An organizational chart of your company.

**RESPONSE:** Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in scope. Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 14:** Any web pages, brochures, pamphlets, letter templates, email templates, or other forms of consumer advice which you make available to consumers which contain the word "mixed."

**RESPONSE:** See Trans Union's website www.transunion.com.

Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define "or other forms of consumer advice" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this

Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).


**REQUEST FOR PRODUCTION NO. 15:** Any web pages, brochures, pamphlets, letter templates, email templates, or other forms of consumer advice which you make available to consumers which address the manner in which consumers should handle the appearance of information in their consumer report or file which does not belong to that consumer. This request is limited to information which has been published or circulated by you within the preceding three years.
**RESPONSE:** See Trans Union's website www.transunion.com.

Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define "or other forms of consumer advice" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).

**REQUEST FOR PRODUCTION NO. 16:** A complete copy of your financial documents for each of the preceding three years prior to the filing of this action, including Annual Income Statements; Annual Balance Sheets; Annual Profit and Loss Statements; Tax returns; and Annual shareholder reports.

**RESPONSE:** Trans union refers Plaintiff to its website: https://investors.transunion.com/ where Plaintiff can review Trans Union's financial information.

Trans Union has limited its search for documents and information to the foregoing answer. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define "financial documents" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 17:** A print out from Data Viewer of Plaintiff's credit file as of the time of any inquiries into his consumer reports which occurred within the preceding 10 years.

**RESPONSE:** See Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 including any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define what Plaintiff means by "Data Viewer" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 18:** Any on-line combine log relating to Plaintiff.

**RESPONSE:** Trans Union objects to this Request on the grounds that it is vague and fails to define what Plaintiff means by "online combine log" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).  Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).


**REQUEST FOR PRODUCTION NO. 19:** Any combine audit log relating to Plaintiff as identified in the Lynn Romanowski deposition in the case of *Gestl v. Trans Union, LLC.*, Case 02-7598 in the Eastern District of PA on October 17, 2003.

**RESPONSE:** Trans Union objects to this Request on the grounds that it is vague and fails to define what Plaintiff means by "combine audit log" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information

relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).  Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 20:** Business rules relating to the subject selection procedure that were applied to any consumer reports prepared by you concerning Plaintiff.

**RESPONSE:** Trans Union will produce relevant portions of its policies and procedures upon entry of an appropriate protective order.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define what Plaintiff means by "business rules relating to the subject selection procedure" or identify the documents sought with sufficient particularity. FED. R. CIV. P.

4519317.3

34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not

limited to information relevant to this case and is not proportional to the needs of

the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to this Request on the

grounds that requiring Trans Union to retrieve, assemble, and produce all

responsive documents imposes undue burden and expense on Trans Union. FED. R.

CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks

confidential, proprietary, and/or trade secret information of Trans Union and/or

third parties. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 21:** A copy of the Metro Format for
Consumer Credit Reporting for any years in which Trans Union received data
concerning Plaintiff that is in dispute in this case. Please produce these guides in
their native PDF format as prepared by the CDIA.

**RESPONSE:**  Trans Union objects to this Request on the grounds that it is not

limited to information relevant to this case and is not proportional to the needs of

the case. FED. R. CIV. P. 26(b)(1). The Metro Format has been largely out of the

use for several years. Trans Union objects to this Request on the grounds that

requiring Trans Union to retrieve, assemble, and produce all responsive documents

imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).  Trans

Union objects to this Request on the grounds that it seeks confidential, proprietary,

and/or trade secret information of a third party subject to a confidentiality agreement. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 22:** Terminal audit trails, billing statements, input and output data relating to any access of Plaintiff's consumer report, for any of Trans Union's subscribers who have received Plaintiff's consumer report within the preceding ten years.

**RESPONSE:** The dates of all consumer reports furnished regarding Plaintiff and the identities of the recipients of such reports are reflected on the documents produced to Plaintiff. See Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define what Plaintiff means by "billing statements, input and output data" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and

produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).  Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 23:** Your business rules and any computer code implementing those business rules, concerning the matching of data from a furnisher to existing credit files.

**RESPONSE:** Trans Union will produce relevant portions of its policies and procedures upon entry of an appropriate protective order.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and

produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 24:** Your business rules and any computer code implementing those business rules, concerning the subject selection process.

**RESPONSE:** Trans Union will produce relevant portions of its policies and procedures upon entry of an appropriate protective order.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R.

4519317.3

Civ. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks

confidential, proprietary, and/or trade secret information of Trans Union. Fed. R.

Civ. P. 26(c).

**REQUEST FOR PRODUCTION NO. 25:** Any business rules describing the matching algorithm applied to Plaintiff's credit file or any report issued relating to Plaintiff containing the data in dispute in this case. This request is limited to algorithms that were used to prepare reports concerning Plaintiff in the preceding ten years.

**RESPONSE:** Trans Union will produce relevant portions of its policies and

procedures upon entry of an appropriate protective order.

Trans Union has limited its search for documents and information to its

consumer operations documents during the time period of March 2015 to the date

of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint

and relevant to Trans Union's defenses. Trans Union objects to providing a further

response to this Request on the grounds that it is vague and fails to identify the

documents sought with sufficient particularity. Fed. R. Civ. P. 34(b)(1)(A).

Plaintiff has not clearly defined "data in dispute in this case" and has not adequately

answered discovery in this case.  Trans Union objects to this Request on the grounds

that it is not limited to information relevant to this case and is not proportional to

the needs of the case. Fed. R. Civ. P. 26(b)(1). It is not reasonably limited in time

or scope. Trans Union objects to this Request on the grounds that requiring Trans

Union to retrieve, assemble, and produce all responsive documents imposes undue

burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects

to this Request on the grounds that it seeks confidential, proprietary, and/or trade

secret information of Trans Union. FED. R. CIV. P. 26(c).


**REQUEST FOR PRODUCTION NO. 26:** Any complaints (civil, regulatory, Better Business Bureau, or administrative) served upon which involved claimed cases of mismerged or mixed credit files. This request is limited to complaints received by you within the preceding five years.

**RESPONSE:** Trans Union objects to this Request because it is not limited to

information related to the claims and defenses of this case and is not proportional

to the needs of the case. FED. R. CIV. P 26(b)(1). Requiring Trans Union to retrieve,

review, and identify all "complaints (civil, regulatory, Better Business Bureau, or

administrative) served upon which involved claimed cases of mismerged or mixed

credit files" served on Trans Union would impose undue burden and expense on

Trans Union, overwhelm Trans Union's resources, and far outweigh any likely

benefit. Trans Union objects to this Request on the grounds that the information

requested can be obtained from some other source that is more convenient, less

burdensome, or less expensive, such as publicly available or government sources.

FED. R. CIV. P. 26(b)(2)(C), (c)(1). Trans Union objects to this Request on the

grounds that it is unreasonably cumulative or duplicative. FED. R. CIV. P. 26(b)(2)(C), (c)(1). Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define what Plaintiff means by "mismerged or mixed," whom the item might have been "served upon," or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union and/or third parties. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 27:** Any judgments, final orders, or settlements (civil, regulatory, or administrative) relating to any complaints served upon which involved cases of mismerged or mixed credit files. This request is limited to judgments, orders and settlements entered within the preceding five years.

**RESPONSE:**  Trans Union objects to this Request because it is not limited to information related to the claims and defenses of this case and is not proportional to the needs of the case.  FED. R. CIV. P 26(b)(1).  Requiring Trans Union to retrieve, review, and identify all "complaints (civil, regulatory, Better Business Bureau, or administrative) served upon which involved claimed cases of mismerged or mixed credit files" served on Trans Union would impose undue burden and expense on Trans Union, overwhelm Trans Union's resources, and far outweigh any likely benefit.  Trans Union objects to this Request on the grounds that the information

requested can be obtained from some other source that is more convenient, less burdensome, or less expensive, such as publicly available or government sources. FED. R. CIV. P. 26(b)(2)(C), (c)(1). Trans Union objects to this Request on the grounds that it is unreasonably cumulative or duplicative. FED. R. CIV. P. 26(b)(2)(C), (c)(1). Trans Union objects to this Request on the grounds that it is vague and fails to define what Plaintiff means by "mismerged or mixed," whom the item might have been "served upon," or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union and/or third parties. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 28:** Any manuals, bulletins, or instructions for remedying or otherwise rendering accurate, mismerged or mixed credit reports within your systems.

**RESPONSE:** Trans Union will produce relevant portions of its policies and procedures upon entry of an appropriate protective order.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint

and relevant to Trans Union's defenses. Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1).  This Request is vague and fails to define what Plaintiff means by "mismerged or mixed" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 29:** Any position papers, memorandum, or internal assessments addressing the prevalence of mismerged or mixed credit reports within your consumer reporting systems.

**RESPONSE:** Trans Union refers Plaintiff to its documents produced and labeled TU 223 – TU 225.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint

and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define what Plaintiff means by "mismerged or mixed" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union objects to this Request on the grounds that "any position papers, memorandum, or internal assessments" encompasses information protected by the attorney-client, work product, common interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 30:** Any study, analysis, memo or other document describing the prevalence of common names and efforts by you to reduce the possibility that credit items will be incorrectly attributed to the wrong individual. This request is limited to reports written since your 1992 consent decree entered in the Northern District of Illinois.

**RESPONSE:** Trans Union objects to this Request on the grounds that it is vague and fails to define what Plaintiff means by "common names" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).  Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union objects to this Request on the grounds that "any study, analysis, memo or other document" encompasses information protected by the attorney-client, work product, common interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 31:** Any manuals, memoranda, bulletins or other documents available to or reviewed by any of Trans Unions employees, agents, or contractors who handled any of Plaintiff's credit disputes, concerning reinvestigation or requirements of 15 U.S.C. § 1681i.

**RESPONSE:** Trans Union will produce relevant portions of its policy and procedures upon entry of an appropriate protective order.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define what Plaintiff means by "other documents available" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that "any study, analysis, memo or other document" encompasses information protected by

the attorney-client, work product, common interest/joint defense, and self-critical

analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).


**REQUEST FOR PRODUCTION NO. 32:** Any manuals, memoranda, bulletins
or other documents describing the procedures used to prepare any report issued by
Trans Union concerning Plaintiff during the preceding five years.

**RESPONSE:**  Trans Union objects to this Request on the grounds that it  is vague

and fails to define what Plaintiff means by "procedures used to prepare any report"

or identify the documents sought with sufficient particularity. FED. R. CIV. P.

34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not

limited to information relevant to this case and is not proportional to the needs of

the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope.

Trans Union objects to this Request on the grounds that requiring Trans Union to

retrieve, assemble, and produce all responsive documents imposes undue burden

and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this

Request on the grounds that it seeks confidential, proprietary, and/or trade secret

information of Trans Union. FED. R. CIV. P. 26(c). Trans Union objects to this

Request on the grounds that "Any manuals, memoranda, bulletins or other

documents" encompasses information  protected by  the attorney-client,  work

product, common interest/joint defense, and self-critical analysis privileges. FED.

R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 33:** Any studies, audits, reports or evaluations of your procedures used to prepare any report issued by Trans Union concerning Plaintiff during the preceding five years.

**RESPONSE:**  Trans Union objects to this Request on the grounds that it  is vague

and fails to define what Plaintiff means by "procedures used to prepare any report"

or identify the documents sought with sufficient particularity. FED. R. CIV. P.

34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not

limited to information relevant to this case and is not proportional to the needs of

the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope.

Trans Union objects to this Request on the grounds that requiring Trans Union to

retrieve, assemble, and produce all responsive documents imposes undue burden

and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this

Request on the grounds that it seeks confidential, proprietary, and/or trade secret

information of Trans Union. FED. R. CIV. P. 26(c). Trans Union objects to this

Request on the grounds that "Any studies, audits, reports or evaluations"

encompasses information protected by the attorney-client, work product,  common

interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 34:** Any studies, audits, reports or evaluations of your procedures used to prepare any report issued by Trans Union concerning Plaintiff during the preceding five years.

**RESPONSE:**  Trans Union objects to this Request on the grounds that it  is vague and fails to define what Plaintiff means by "procedures used to prepare any report" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union objects to this Request on the grounds that "Any studies, audits, reports or evaluations" encompasses information protected by the attorney-client, work product,  common

interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 35:** Your budget for handling credit reporting disputes during each of the preceding five years along with any analysis of the per dispute or per consumer cost of handling disputes.

**RESPONSE:** Trans Union objects to this Request on the grounds that it is vague and fails to define what Plaintiff means by "budget for handling credit reporting disputes" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). "Budget[s] for handling credit reporting disputes during each of the preceding five years" have no bearing on the claims or defenses in this case. It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 36:** Your annual budget for litigation and settlement of cases involving claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681i or your activities as a consumer reporting agency.

**RESPONSE:**  Trans Union objects to this Request on the grounds that it  is vague and fails to define what Plaintiff means by "annual budget for litigation and settlement of cases involving claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681i or your activities as a consumer reporting agency" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). "Annual budget for litigation and settlement of cases" has no bearing on the claims or defenses in this case. It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 37:** Employee records for anyone performing reinvestigations of any credit information relating to Plaintiff or any personal identifiers associated with Plaintiff. This request is limited to performance materials, discipline based upon performance, and compensation. Excluded from this request are any medical or other financial information unrelated to performance.

**RESPONSE:** Trans Union objects to this Request on the grounds that it is vague and fails to define what Plaintiff means by "Employee records … limited to performance materials, discipline based upon performance, and compensation" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). "Employee records … limited to performance materials, discipline based upon performance, and compensation" have no bearing on the claims or defenses in this case and are not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union, third parties and/or Trans Unions' employees. FED. R. CIV. P. 26(c).

4519317.3

**REQUEST FOR PRODUCTION NO. 38:** Any manuals, bulletins or notices provided to furnishers of disputed information, describing their contractual or statutory duties relating to the reinvestigation of inaccurate or incomplete credit information.

**RESPONSE:** Trans Union refers Plaintiff to its documents produced and labeled

TU 223 – TU 225 and any supplements thereto.

**REQUEST FOR PRODUCTION NO. 39:** Any document which instructs your employees in how to determine whether a disputed credit item is accurate, verifiable, or objectively truthful.

**RESPONSE:** Trans Union will produce relevant portions of its policies and

procedures upon entry of an appropriate protective order.

Trans Union has limited its search for documents and information to its

consumer operations documents during the time period of March 2015 to the date

of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint

and relevant to Trans Union's defenses. Trans Union objects to providing a broader

response on the grounds to this Request on the grounds that it is vague and fails to

define what Plaintiff means by "accurate, verifiable, or objectively" or identify the

documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans

Union objects to this Request on the grounds that it is not limited to information

relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P.

26(b)(1). This Request is not reasonably limited in time or scope. Trans Union

objects to this Request on the grounds that requiring Trans Union to retrieve,

assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 40:** Any document explaining the meaning of any abbreviations, codes, shorthand, or notations contained in any documents produced by you.

**RESPONSE**:  Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). This request is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Trans Union objects to this Request on the grounds that "any document" encompasses information protected by the attorney-client, work product, common interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

4519317.3

**REQUEST FOR PRODUCTION NO. 41:** Transcripts of any deposition given by any individual identified by Trans Union in its disclosures given pursuant to Rule 26(a) concerning any of the policies, procedures and practices which you anticipate will be the subject of testimony in this action by any of your witnesses.

**RESPONSE:** Trans Union objects to this Request on the grounds that it is vague and fails to define what Plaintiff means by "which you anticipate will be the subject of testimony in this action by any of your witnesses" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Identifying what Defendant anticipates will be the subject of testimony in this action from any of its witnesses encompasses information protected by the work product privilege. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 42:** Any joint defense agreement between you and any other defendant in this action concerning this suit.

**RESPONSE:** Defendant is presently unaware of any document responsive to this Request "concerning this suit." A broader joint defense agreement may exist between the Defendants.

Trans Union has limited its response to the foregoing answer. Trans Union objects to providing a broader response on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). A "joint defense agreement" with former defendants has no bearing on the claims or defenses in this case. Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union and third parties. FED. R. CIV. P. 26(c). Any joint defense agreement is protected by the attorney-client, work product, and common interest/joint defense privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 43:** Any and all correspondence, documents or other recordings with Plaintiff or other defendant in this action concerning this suit.

**RESPONSE:** Trans Union refers Plaintiff to Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a broader response on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that "Any and all correspondence, documents or other recordings … or other defendant" encompasses information protected by the attorney-client, work product, common interest/joint defense privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 44:** All policies, procedures and practices that which you anticipate will be the subject of testimony at trial.

**RESPONSE:**   Trans Union will produce relevant portions of its policies and procedures upon entry of an appropriate protective order. Defendant will also identify its trial exhibits and witnesses in accordance with the Federal Rules of Civil Procedure, Local Rules, and the Court's scheduling order.

4519317.3

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define what Plaintiff means by "which you anticipate will be the subject of testimony at trial" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Identifying what Defendant anticipates will be the subject of testimony at trial encompasses information protected by the work product privilege. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 45:** Any written document describing any policy, procedure, practice or training which you anticipate will be the subject of testimony at trial.

**RESPONSE:** Trans Union will produce relevant portions of its policies and procedures upon entry of an appropriate protective order. Defendant will also identify its trial exhibits and witnesses in accordance with the Federal Rules of Civil Procedure, Local Rules, and the Court's scheduling order.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a further response to this Request on the grounds that it is vague and fails to define what Plaintiff means by "which you anticipate will be the subject of testimony at trial" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Identifying what Defendant anticipates will be the subject of testimony at trial encompasses information protected by the work product privilege. FED. R. EVID. 502; FED. R. CIV. P. 26(b). Furthermore, "any written document" encompasses information protected by the attorney-client, work product, common interest/joint defense, and self-critical analysis privileges. FED. R. EVID. 502; FED. R. CIV. P. 26(b).

47

**REQUEST FOR PRODUCTION NO. 46:** A copy of every screen shot which your computer systems are capable of producing concerning Plaintiff or the disputed information.

**RESPONSE:** Trans Union refers Plaintiff to Trans Union's documents produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a broader response on the grounds that it is vague and fails to define what Plaintiff means by "screen shot" and "disputed information" or identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). This Request is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1). Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c).

**REQUEST FOR PRODUCTION NO. 47:** All reports, work papers, notes, and documents in the file of any expert witness who may testify on your behalf.

**RESPONSE:** Trans Union will identify its expert witnesses and trial exhibits in accordance with the Federal rules of Civil Procedure, the Local Rules, and the Court's scheduling order.

Trans Union objects to this Request on the grounds that it is vague and fails to identify the documents sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Trans Union objects to this Request on the grounds that it encompasses information protected by the work product privilege. FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 48:** Any document identified in your Rule 26 disclosures or which you may produce at trial.

**RESPONSE:**  Trans Union will identify its expert witnesses and trial exhibits in accordance with the Federal rules of Civil Procedure, the Local Rules, and the Court's scheduling order. Answering further, Trans Union refers Plaintiff to its document produced and labeled TU 1 – TU 190, TU 203 - TU 225 and any

supplements thereto. Trans Union will produce relevant portions of its policies and procedures upon entry of an appropriate protective order.

Trans Union objects to this Request on the grounds that it seeks confidential, proprietary, and/or trade secret information of Trans Union. FED. R. CIV. P. 26(c). Identifying what Defendant may produce at trial encompasses information protected by the work product privilege. FED. R. CIV. P. 26(b).

**REQUEST FOR PRODUCTION NO. 49:** Any contract of employment or job description for any expert witness who is expected to testify on your behalf.

**RESPONSE:**  Trans Union will identify its expert witnesses in accordance with the Federal rules of Civil Procedure, the Local Rules, and the Court's scheduling order.

Trans Union objects to this Request on the grounds that it is not limited to a relevant time or scope and could encompass other engagements. FED. R.  CIV. P. 34(b)(1)(A). Furthermore, this request is unduly burdensome to the extent it seeks to impose a different or additional burden on Trans Union with regard to expert reports than is imposed by the Federal Rules of Civil Procedure. FED. R.  CIV. P. 26(b)(1). Trans Union objects to this Request on the grounds that it seeks expert materials and communications protected by the work product privilege.  FED. R. CIV. P. 26(b)(3)-(4).

**REQUEST FOR PRODUCTION NO. 50:** All personal identifiers provided in the request and data Trans Union sold and/or transmitted in response about the Plaintiff during the past 10 years to any credit monitoring service, credit repair service, or credit reseller, including but not limited to the following:
A. Credit Wise for Capital One,
B. Free Scores and More,
C. Trans Union Interactive,
D. Turbo Tax Credit Monitoring (Intuit, Inc.),
E. Credit Score by Credit Journey for Chase Bank, NA,
F. Credit Unlimited,
G. Family Credit Counseling Service, Inc.,
H. SettlementOne Credit Corporation,
I. Corelogic Credco, LLC,
J. CBC Innovis, Inc.,
K. Factual Data,
L. Experian Credit Monitoring,
M. Equifax Mortgage Service, and,
N. Trans Union Rental Screening.

**RESPONSE:** Trans Union refers Plaintiff to Trans Union's documents  produced and labeled TU 1 – TU 190, TU 203 - TU 222 and any supplements thereto.

Trans Union has limited its search for documents and information to its consumer operations documents during the time period of March 2015 to the date of the filing of this lawsuit, and subject matter as alleged in Plaintiff's Complaint and relevant to Trans Union's defenses. Trans Union objects to providing a broader response on the grounds that this is a request for a narrative response or list of information that is not permitted by Rule 34. This Request is vague and fails to define what Plaintiff means by "personal identifiers" or identify the information sought with sufficient particularity. FED. R. CIV. P. 34(b)(1)(A). Trans Union

objects to this Request on the grounds that it is not limited to information relevant to this case and is not proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). "Credit monitoring service, credit repair service, or credit reseller" have no bearing on the claims or defenses in this case. It is not reasonably limited in time or scope. Trans Union objects to this Request on the grounds that requiring Trans Union to retrieve, assemble, and produce all responsive documents imposes undue burden and expense on Trans Union. FED. R. CIV. P. 26(c)(1).

Respectfully submitted,

*/s/ Michael Merar*

Michael Merar
Georgia Bar No. 966038
mmerar@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5443
(214) 871-2111
and
Michael A. Arndt
Georgia Bar No. 836284
marndt@hpylaw.com
**HAWKINS PARNELL & YOUNG, LLP**
303 Peachtree Street NE, Suite 4000
Atlanta, GA 30308
(404) 614-7629
(404) 614-7500
***Counsel for Trans Union LLC***

52

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on August 21st, 2020, electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Joseph P. McClelland, III
joseph@jacksonlaws.com
Joseph P. McClelland, LLC
Law Firm of Joseph P. McClelland,
LLC
545 N. McDonough Street, Suite 210
Decatur, GA 30030
(404) 725-0930
and
Ian B. Lyngklip
ian@consumerlawyers.com
Lyngklip & Associates, Consumer Law
Center, PLC
24500 Northwestern Highway
Southfield, MI 48075
(248) 208-8864
and
Sylvia Bolos
sylviab@consumerlawyers.com
Lyngklip & Associates
418 N. Main Street, Suite 200
Royal Oak, MI 49067
(248) 208-8864
***Counsel for Plaintiffs***

*/s/ Michael Merar*
**MICHAEL MERAR**

4519317.3