# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RULTZ E. RAYMOND and RUTH RAYMOND,<br><br>   Plaintiffs,<br><br>v.<br><br>TRANS UNION LLC, EQUIFAX INFORMATION SERVICES, INC., and EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>   Defendants. | Civil No. 1:20-cv-00757-ELR-RDC<br>(Lead Case)<br><br>Civil No. 1:20-cv-00758-MLB-LTW<br>(Consolidated Case) |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiffs Rultz E. Raymond and Ruth Raymond ("Plaintiffs") and Defendant Trans Union LLC ("Trans Union") (collectively the "parties"), through their respective attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to Trans Union, and/or personal income, credit and other confidential information of Plaintiffs.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1

4584338.4

1. This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof ("Confidential Information").

2. Any party or non-party producing documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

    a. Hard Copies.

As to hard-copy materials, the Producing Party shall make the designation by affixing a stamp conspicuously designating the information as "CONFIDENTIAL" on every page upon which Confidential Information appears.

    b. Electronic Copies.

As to any materials *produced electronically*, the Producing Party shall make the designation by inserting a text-searchable stamp on the footer of each page on which Confidential information appears **and** shall include the word "CONFIDENTIAL" in the electronic file name and shall ensure the file containing

designated materials is otherwise segregated and produced separately from any electronic file containing non-confidential material.

3. Deposition testimony can be designated by the parties as Confidential Information. Such designation will be made on the record if possible, but the parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the parties as Confidential Information.

4. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information designated as Confidential pursuant to this Order, the party filing such papers shall contact the Producing Party ten (10) calendar days prior to such filing to: (i) provide the Producing Party with notice (by document page number or page/line designation) that it seeks to file documents or information designated as Confidential with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the documents or information designated as Confidential can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such documents or information shall file such documents or

4584338.4

information under seal in accordance with Local Rules of the Northern District of Georgia (http://www.gand.uscourts.gov/cv-sealed-procedures). The Producing Party shall then file a motion for leave to file under seal in accordance with Local Rules. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with this Order and the Local Rules.

5. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation for (including pretrial filings in accordance with this Order) and trial of this action in accordance with the provisions of this Order.

6. Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Order, and any information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to,

4584338.4

reflects or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);  (h) mediators; (i) Court reporters engaged to transcribe the proceedings or discovery in this case; and (j) experts specifically retained as consultants or expert witnesses in connection with this litigation.

    7.    Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraphs 6(h)-(j) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

    8.    All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature.  All persons to whom confidential

information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto.  No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 6 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

9. This Order shall govern pretrial proceedings only, and nothing set forth herein prohibits the use at trial of any Confidential Information or affects the admissibility of any evidence.  The procedures to govern the use and disclosure of Confidential Information at trial will be the subject of further agreement of the parties or order of the Court.

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

11. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, shall be returned to the Producing Party or destroyed in accordance with the guidance from the FTC. That guidance can be found at, [https://www.ftc.gov/tips-advice/business-center/guidance/disposing-consumer-report-information-rule-tells-how](https://www.ftc.gov/tips-advice/business-center/guidance/disposing-consumer-report-information-rule-tells-how). Each party agrees to maintain copies of all Confidential Information that party produced in this action for four (4) years after the final termination of this litigation. In the event any of the attorneys of record in this action become the subject of any grievance, ethics complaint, malpractice suit or the like, the Producing Party agrees to make the Confidential Information produced in this action available pursuant to an appropriate protective order.

12. In the event that any party to this litigation disagrees, in good faith, at any point in these proceedings with any designation made under this Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with the Federal and Local Rules. If the parties met and conferred, but cannot resolve the objections to the designation, the Producing Party shall move within 21 days of receiving the designation challenge for a protective order under Rule 26(c). The parties shall treat any documents or other materials that have been

designated as confidential until such time as the Court rules that such materials should not be treated as confidential or 21 days passes without a motion for protective order being filed under Rule 26(c) by the Producing Party.

13.     Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

14.     The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

Dated: _____, \_\_\_\_        Respectfully submitted,

/s/ _____
Joseph P. McClelland, III
joseph@jacksonlaws.com
**JOSEPH P. MCCLELLAND, LLC**
**LAW FIRM OF JOSEPH P.**
**MCCLELLAND, LLC**
545 N. McDonough Street, Suite 210
Decatur, GA 30030
(404) 725-0930
and
Ian B. Lyngklip
ian@consumerlawyers.com
**LYNGKLIP & ASSOCIATES,**
**CONSUMER LAW CENTER, PLC**
24500 Northwestern Highway
Southfield, MI 48075
(248) 208-8864
and
Sylvia Bolos
sylviab@consumerlawyers.com
**LYNGKLIP & ASSOCIATES**
418 N. Main Street, Suite 200
Royal Oak, MI 49067
(248) 208-8864
*Counsel for Plaintiffs*

9

4584338.4

Dated: _____, \_\_\_\_    Respectfully submitted,

/s/_____
Carl H. Anderson, Jr.
Georgia Bar No. 016320
canderson@hpylaw.com
**HAWKINS PARNELL & YOUNG, LLP**
303 Peachtree Street NE, Suite 4000
Atlanta, GA 30308
(404) 614-7400
(404) 614-7500 Fax
and
Paul L. Myers
*Admitted Pro Hac Vice*
pmyers@qslwm.com
Paul W. Sheldon
*Admitted Pro Hac Vice*
psheldon@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
(214) 560-5443
(214) 871-2111 Fax
***Counsel for Trans Union LLC***

IT IS SO ORDERED.

Dated:   October 7, 2020

*(signature)* R. Cannon
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Stipulated Protective Order entered in this action on _____, 20___.

5. I have carefully read and understand the provisions of this Stipulated Protective Order.

6. I will comply with all provisions of this Stipulated Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents or other materials produced subject to this Stipulated Protective Order.

8. I will use such information, documents or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9. Upon termination of this action, or upon request, I will return and deliver all information, documents or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared

1

2

relating to the information, documents or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.   I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this _____ day of _____, 20___, at _____.


_____
QUALIFIED PERSON